UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEVIN AND BONNIE POTTS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:17-cv-63 SNLJ |
|  | ) |  |
| DARYL COOPER d/b/a SPEED AUTOMOTIVE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiffs Bonnie and Kevin Potts brought this personal injury action against defendant for injuries Kevin sustained when he fell through defendant's allegedly improperly-maintained roof. Defendant has moved to dismiss Count II of plaintiffs' complaint (#6).

### I. Factual Background

According to the complaint, plaintiff Kevin Potts was hired by defendant Daryl Cooper to evaluate, inspect, and ultimately remove and replace the roof at his business, Speed Sport Automotive in September 2015. The roof was a flat roof, and plaintiffs allege that defendant failed to properly maintain the roof such that it had become dangerously unstable. Plaintiffs also allege that defendant knew the roof was unstable but that defendant did not warn Kevin before asking Kevin to climb up on top of the roof. Defendant further asked Kevin to peel back a section of the roof. When Kevin did so, Kevin fell 12 to 15 feet down onto the concrete shop floor below. Kevin suffered a

broken superior pubic ramus, a broken interior pubic ramus, a sacral fracture, and an open humeral fracture. The open wound was contaminated with debris from the property, and Kevin has suffered from ongoing bacterial infections that require emergency care and often immobilize him. Plaintiffs further allege that their damages include medical bills, future medical bills, lost wages, and future lost wages. Their complaint includes three counts: Count I --- Ordinary Negligence; Count II --- Negligence --- Inherently Dangerous Activity; and Count III --- Loss of Consortium.

Defendant has moved to dismiss Count II under Federal Rule of Civil Procedure Rule 12(b)(6).

**II.**     **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir.

2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Defendant seeks dismissal of plaintiffs' Count II for "Negligence --- Inherently Dangerous Activity." The rule at common law is that one who contracts with an independent contractor is generally not liable for bodily harm for the torts of the contractor or the contractor's servants. *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384, 384 (Mo. banc 1991). "The rationale for this exception is that because the landowner has no right of control over the manner in which the work is done by an independent contractor, its duty of care shifts to the independent contractor, and the latter becomes the party required to bear the responsibility for any injuries." *Gillespie v. St. Joseph Light & Power Co.*, 937 S.W.2d 373, 376 (Mo. App. W.D. 1996) (citing *Zueck*, 809 S.W.2d at 386). However, the inherently dangerous activity exception states that, "a landowner remains liable for injuries to innocent third parties if the plaintiff can show that the landowner has directed the contractor to perform an act which is dangerous to others." *Id.* (quoting *Salmon v. Kansas City*, 145 S.W. 16 (1912)). Another Missouri Supreme Court case later extended a landowner's liability to employees of independent contractors when the landowner ordered the contractor to perform the inherently dangerous activity. *See Mallory v. Louisiana Pure Ice & Supply Co.*, 6 S.W.2d 617 (Mo. banc 1928). But in 1991, recognizing the rise of workers' compensation insurance, the Missouri Supreme Court held that "the inherently dangerous exception no longer applies to employees of independent contractors covered by workers' compensation." *Id.* at 390.

3

The Missouri Supreme Court later made clear that the "cause of action based on the landowner's vicarious liability is still viable for any third party not covered by workers' compensation." *Matteuzzi v. Columbus P'ship, L.P.*, 866 S.W.2d 128, 131 (Mo. banc 1993). Further, although *Matteuzzi* held that the employee plaintiff could not recover from the landowner under the inherently dangerous work exception, *Matteuzzi* proceeded to analyze that plaintiff's claim as it would any invitee, focusing on the control the landowner had over the premises and the activity of the contractor. *Id.* at 132.

Defendant argues that because Kevin Potts was not an "innocent third party" or an "employee of an independent contractor not covered by workers' compensation" he cannot maintain a claim under the inherently dangerous activity exception. Plaintiffs suggest that although Kevin Potts was not a third party, he was not covered by workers' compensation insurance, and the defendant knew he was not covered by workers' compensation insurance. Whether or not plaintiff had workers' compensation insurance, however, the fact is that plaintiff Kevin Potts was the independent contractor directed to take on the allegedly inherently dangerous work. He was not a third party, and he was not merely an employee who was subject to whatever precautions his employer did or did not take. The inherently dangerous work exception cannot be appropriately applied to this case, and Count II will be dismissed.

## IV. Conclusion

Defendant's motion to dismiss Count II will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#6) is **GRANTED.**

Dated this   22nd   day of August, 2017.

                                    STEPHEN N. LIMBAUGH, JR.
                                    UNITED STATES DISTRICT JUDGE