UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN AND BONNIE POTTS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-63 SNLJ |
| | ) |
| DARYL COOPER d/b/a SPEED AUTOMOTIVE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to amend the case management order (#22) and plaintiffs' motion to compel and motion for expedited ruling (#23). The Court ordered defendant to respond to plaintiff's motion by the next day at noon, and defendant did so.

Plaintiff brings this action against defendant for personal injuries he sustained when he fell through the roof of defendant's business. Plaintiff wants to depose the defendant before defendant deposes plaintiff. Defendant will not produce himself for deposition until his counsel deposes plaintiff. Further, defendant would like to conduct all the depositions on the same day.

Defense counsel has been waiting to depose plaintiff until defendant had all of plaintiff's medical records. He says that he has had to get all of plaintiff's medical records on his own and that it has been difficult to get them. He collected 2,500 pages of medical records --- plaintiff only produced 35 pages and never supplemented his disclosures.

Further, it took more time than expected to obtain plaintiff's medical records because medical providers required a "special authorization" from plaintiff. Although defendant requested the special authorization on October 26, defendant did not receive plaintiff's special authorization until December 8, 2017. Further, defendant has been requesting that plaintiff supplement his Rule 26 disclosures, but plaintiff has not done so.

Defendant now has the medical records, but he requests an extension of deadlines as a result of the delays. The deadline for request for a physical/mental examination of plaintiff deadline is March 1. Defendant says he will not be able to make such a request by the deadline because he must first take plaintiff's deposition. Defendant also says he will need additional time for discovery beyond the June 29, 2018 discovery deadline.

Plaintiff, meanwhile, filed a motion seeking to compel defendant to appear for a deposition next week (February 26-March 2). Defendant says he is unavailable next week but could be deposed the week of March 5-9, 2018.

There remains plenty of time for discovery under the current Case Management Order. Although the deadline for a request for physical or mental examination of plaintiff is March 1, defendant has plaintiff's medical records and could, if he thinks it will be necessary, make such a request by the March 1 deadline. Defendant could later withdraw his request for a physical or mental examination if he later determines it to be unnecessary. Defendant has offered no reason why the June 29 discovery deadline will be impossible to meet.

The Court will order the parties to make themselves available for depositions the week of March 5-9, 2018. Plaintiff shall be deposed by defense counsel first.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to amend the case management order (#22) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel and motion for expedited ruling (#23) is **GRANTED in part and DENIED in part.**

**IT IS FINALLY ORDERED** that the parties shall make themselves available for depositions the week of March 5-9, 2018, and that plaintiff shall be deposed first.

Dated this  22nd  day of February, 2018.

                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE