UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN AND BONNIE POTTS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-63 SNLJ |
| | ) |
| DARYL COOPER d/b/a SPEED AUTOMOTIVE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs filed a motion to compel defendant to supplement defendant's discovery responses (#40). Defendant did not respond. This Court granted plaintiffs' motion to compel on June 7, 2018 and ordered plaintiffs to file documentation setting forth their reasonable attorneys' fees and expenses incurred in filing the motion. Plaintiffs did so and sought $1,192.50 in attorneys' fees. Again, defendant did not respond. Notably, the motion to compel had been filed May 18, 2018. The Court granted the motion on June 7. Plaintiffs filed their request for $1,192.50 on June 20. The Court ordered defendant to pay the $1,192.50 in attorneys' fees on July 16. Thus, nearly two months went by, and defendant failed to respond at all to plaintiffs' motion or the amount of fees requested. Meanwhile, defendant did file other documents in the case.

On July 16, 2018, defendant filed a motion for reconsideration of the order requiring defendant to pay the attorneys' fees. (#52.) Defendant states that, upon the June 7 ruling, his counsel immediately provided plaintiff with supplemental discovery

responses. Defendant states that he mistakenly believed all discovery issues had been addressed. As for his failure to respond to the counsel's declaration in support of attorneys' fees, he writes that did not believe a rebuttal was allowed under the local and federal rules.

Defendant admits that he did not serve plaintiffs with the supplemental discovery responses until after he was ordered to do so by the Court on June 7. The motion to compel resulted in precisely the relief sought by plaintiffs. Federal Rule of Civil Procedure 37(a)(5)(A) requires that,

> [i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The Court gave defendant ample time to be heard on this matter. Defendant did not respond. To the extend defendant believed he could not respond, he could have easily moved for leave to be heard.

Defendant's motion to reconsider is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reconsider (#52) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall pay $1,192.50 in attorneys' fees to plaintiffs' counsel within 7 days.

Dated this  14th  day of November, 2018.

                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE