UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEVIN AND BONNIE POTTS, | ) |
| --- | --- |
| Plaintiffs, | ) |
| vs. | ) Case No. 1:17-cv-63 SNLJ |
| DARYL COOPER d/b/a SPEED AUTOMOTIVE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This Court ordered the parties to engage in alternative dispute resolution on June 8, 2018. (#47.) The order included the requirement that "Pursuant to Rule 16-6.02(B), all parties, counsel of record, and corporate representatives or claims professionals having authority to settle claims shall attend the mediation conference in person unless otherwise agreed to by the parties or approved by the court, and participate in good faith." (*Id*. at ¶ f(2).) Plaintiffs filed a motion for contempt and sanctions because defendant Daryl Cooper did not attend the mediation. (#60.) Plaintiffs suggest that Cooper's failure to attend the mediation meant that Cooper had not been able to insist that his insurance company settle the claim.

Defendant responds that he attended the mediation through his personal attorney, Richard Steele, who attended by phone. Although plaintiffs complain that they did not know of defendant's plan to attend through his attorney by telephone, it appears that the defendant complied with the requirement that a claims professional with settlement

authority attend the mediation --- a representative from defendant's insurance company with settlement authority did attend.  Moreover, defendant's insurance company did increase its settlement offer from $25,000 pre-mediation to $200,000 at the conclusion of mediation.  The mediator filed the Compliance Report with the Court, stating that the required individuals attended and that they participated in good faith.

Finally, plaintiffs suggest in their reply memorandum that defendant should be sanctioned because he did not supply them with a list of who would be attending the mediation as required by the ADR referral order.   This has been a contentious case from the beginning.  If plaintiffs objected to defendant's failure to supply such a list, their remedy was to make a contemporaneous objection so that they might have resolved the dispute without the Court's involvement.  Ultimately, the Court finds that defendant Cooper complied with the Court's order and that the plaintiffs were not prejudiced by Cooper's failure to attend the mediation in person.  The individual with authority to settle appeared in person at the mediation, and defendant Cooper's personal attorney was also present to represent Cooper's interests.  The parties' mediator represented that the parties complied with the Court's mediation order.  The Court therefore declines to hold defendant Cooper in contempt.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for contempt and sanctions (#60) is DENIED.

Dated this  16th  day of November, 2018.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE